1 | LAWRENCE G. BROWN
United States Attorney

2 | G. PATRICK JENNINGS
3 | ADAIR BOROUGHS
Trial Attorneys, Tax Division
4 | U.S. Department of Justice
P.O. Box 683
5 | Ben Franklin Station
Washington, D.C.  20044-0683
6 | Telephone:   (202) 307-6648
                 (202) 305-7546
7 |
Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) Civil No. 2:07-CV-02372-JAM-KJM |
| v. | ) **STIPULATION AND REQUEST FOR ORDER REGARDING LIEN PRIORITY BETWEEN THE UNITED STATES AND EL DORADO COUNTY** |
| ELWYN S. DUBEY, JEANNINE M. DUBEY, DUANE A. WOODMAN AS TRUSTEE FOR GARDEN VALLEY INVESTMENTS, EL DORADO COUNTY TAX COLLECTOR, CALIFORNIA FRANCHISE TAX BOARD, | ) |
| Defendants. | ) |

The United States of America and El Dorado County, through their respective attorneys, hereby stipulate and agree as follows:

1.  The parcel of real property located at 7481 Wentworth Springs Road, Georgetown, California (referred to in the Complaint and herein as the "Wentworth Springs Road Property"), is situated in the County of El Dorado, State of California, and is more particularly described as follows:

PARCEL NO. 1:
A portion of the Southeast quarter of the Southwest quarter of Section 31, Township 13 North, Range 11 East, M.D.B.&M., and a portion of Lot 3, Section 6, Township 12 North, Range 11 East, M.D.B.&M., described as follows;

BEGINNING at the Northwest corner of the parcel herein described, being the West

1/16 corner of the Northerly line of said Section 6, a 7/8 inch drill steel in a rock mound being identical with the Northeast corner of the lands of Wesley A. Ash and Evelyn Jean Ash, as described in book 417 of Deeds, at page 237, El Dorado County Records; thence from point of beginning, along the line common to said Sections 6 and 31, North 89° 16' East 422.15 feet, a 3/4 inch capped iron pipe; thence leaving said line common to Sections 6 and 31, North 00° 44' West 34.67 feet to a 3/4 inch capped iron pipe set in a fence line; thence along said fence North 67° 29' East 140.06 feet to a similar pipe, the Northeast corner; thence South 29° 14' 30" East 90.90 feet to a similar pipe; thence continuing South 29° 14' 30" East 7.70 feet to a point on the line common to said Sections 6 and 31; thence continuing South 29° 14' 30" East 283.76 feet, the Southeast corner a 1-1/2 inch iron pipe in a fence line on the Northerly side of the Georgetown-Wentworth Springs County Road No. 63; thence along the Northerly side of said road (4 courses) along a curve to the right with a radius of 218.3 feet, through an angle of 53° 54' a chord distance of 197.89 feet which bears South 73° 00' West; thence North 80° 03' West (Record N. 81° 41' W.) 181.80 feet; thence along a curve to the left with a radius of 280 feet, through an angel of 42° 56' a chord distance of 204.94 feet which bears South 78° 29' West; thence South 57° 01' West (Record S. 55° 23' W.) 160.00 feet, the Southwest corner, a 7/9 inch drill steel set in a rock mound, on the Northerly side of said road being the Southeast corner of said lands of Wesley A. Ash and Evelyn Jean Ash; thence leaving the Northerly side of said road and along the Easterly boundary of said lands of Wesley A. Ash and Evelyn Jean Ash, North 05° 00' West, 395.97 feet (Record 395.69 feet) to the point of beginning.

SAVING AND EXCEPTION THEREFROM all that portion lying within said Section 31, and more particularly described as follows;

BEGINNING at the Southwest corner, a point on the Section line common to said Sections 6 and 31, from whence the West 1/16th corner of said Section 6 bears South 89° 16' West 422.15 feet; thence from said point of beginning being marked by a 3/4 inch capped iron pipe, North 00° 44' West 34.67 feet to a 3/4 inch capped iron pipe set in a fence line; thence along said fence North 67° 29' East 140.06 feet to a similar pipe; thence South 29° 14' 30" East 90.90 feet to a similar pipe; thence continuing South 29° 14' 30" East 7.70 feet to a point on the line common to said Sections 6 and 31; thence along said Section Line South 80° 16' West 177.14 feet to the point of the beginning.

According to a survey by Harvey L. Butler, LS. 2725 on April 26, 1960.

PARCEL NO. 2:
A portion of the Southeast quarter of the Southwest quarter of Section 31, Township 13 North, Range 11 East, M.D.B.&M., described as follows;

BEGINNING at the Southwest corner of the parcel herein described, a 3/4 inch capped iron pipe set on the Southerly boundary of said Section 31 from which the West 1/16 corner on the North line of Section 6, Township 12 North., Range 11 East M.D.B.&M., a 7/8 inch drill steel in a rock mound, said point being the Northeast corner of that certain tract of land conveyed to Wesley A. Ash and Evelyn Jean Ash, as recorded in Book 417 of Deeds, at Page 237, El Dorado county Records, Bears South 89° 16' West, 422.15 feet; thence from point of beginning, North 00° 44' West, 34.67 feet to a 3/4 inch capped iron pipe set in a fence line; thence along said fence North 67° 29' East 140.06 feet to a similar pipe; thence South 29° 14' 30" East

7.70 feet to a point on the Southerly boundary of said Section 31, thence along the Southerly boundary of Section 31, South 89° 16' West 177.14 feet to the point of beginning

According to a survey by Harvey L. Butler, LS. 2725 on April 26, 1960.

2. The parcel of real property located at 8258 Fair Pines Lane, Garden Valley, California (referred to in the Complaint and herein as the "Fair Pines Lane Property") is situated in the County of El Dorado, State of California, and is more particularly described as follows:

> PARCEL 4, as said parcel is shown on that certain Parcel Map entilted "A PORTION OF THE N.E. 1/4 OF THE S.W. 1/4 SECTION OF 35, T. 12 N., R. 10 E., M.D.M" filed in the office of the County Recorder of said County on November 9, 1977, in Book 18 of Parcel Maps at Page 3.

3. The parcel of real property located at 2021 Buckeye Court, Georgetown, California[1] (referred to in the Complaint and herein as the "Buckeye Cabin Property"), is situated in the County of El Dorado, State of California, and is more particularly described as follows:

> A portion of the Northwest quarter of Section 6, Township 12 North, Range 11 East, M.D.M., described as follows:
>
> Commencing at the quarter section corner on the North boundary of Section 6, Township 12 North, Range 11 East, M.D.M.; thence running South 65° 31' West 209.9 feet; thence South 72° 6' feet West 200 feet; thence South 66° 49' West 50 feet; thence South 51° 18' West 50 feet; thence South 37° 17' West 50 feet; thence South 34° 20' West 50 feet; thence South 37° 35' West 50 feet; thence South 45° 16' West 50 feet to the point of beginning of this description; South 16° 12' East 120 feet to the North line of what is known as Buckeye Avenue; thence South 52° 42' West 50 feet; thence North 16° 12' West 120 feet to the South line of the Georgetown and Lake Tahoe Highway; thence North 52° 42' East 50 feet to the point of beginning.

4. The parcel of real property located off Del Oro Lane in the proximity of Coloma, California (referred to in the Complaint and herein as the "Del Oro Lane Property"), is situated in the County of El Dorado, State of California, and is more particularly described as follows:

---

[1] Defendants Elwyn and Jeannine Dubey have also represented this property as located at 7498 Wentworth Springs Road, Georgetown, California.

A portion of the Northeast quarter of the Northwest quarter, and the Northwest quarter of the Northeast quarter of Section 13, Township 11 North, Range 9 East, M.D.B.&M., described as follows:

BEGINNING at the Northeast corner of said Section 13; thence along the North line of said Section 13 North 89° 42' 30" West 1532.11 feet; thence leaving said North line South 0° 17' 30" West 368.74 feet to the true point of beginning, the Northeast corner of the herein described parcel of land; thence continuing South 0° 17' 30" West 355.94 feet to the Southeast corner; thence North 89° 42' 30" West 825.85 feet; thence South 0° 17' 30" West 9.68 feet; thence South 43° 06' West 114.27 feet to a point in the center line of the South Fork of the American River; thence along the center line of said River North 55° 16' 20" West 253.09 feet, and North 47° 44' West 238.48 feet; thence leaving said River North 42° 47' East 131.28 feet, thence North 0° 17' 30" East 50.03 feet; thence South 89° 42' 30" East 1200.87 feet to the true point of beginning, the Northeast corner of the herein described parcel of land. According to a survey by K. Nelson, L.S. 2822.

EXCEPTING THEREFROM all that portion thereof described as follows:
A portion of the Northeast quarter of the Northwest quarter and the Northwest quarter of the Northeast quarter of Section 13, Township 11 North, Rage 9 East, M.D.B.&M., described as follows:

BEGINNING at the Northeast corner of Seciton 13; thence along the North line of said Section 13 North 89° 42' 30" West 1532.11 feet; thence leaving said North line South 0° 17' 30" West 527.81 feet to the true point of beginning, the Northeast corner of the herein described parcel of land; thence continuing South 0° 17' 30" West 196.87 feet to the Southeast corner; thence North 89° 42' 30" West 825.85 feet; thence South 0° 17' 30" West 9.68 feet; thence South 43° 06' West 114.27 feet to a point in the centerline of the South Fork of the American River; thence along said centerline North 55° 16' 20" West 246.57 feet; thence leaving said centerline of River North 42° 48' East 130.42 feet; of beginning, the Northeast corner of the herein described parcel of land.
According to a survey by K. Nelson, L.S. 2822.

TOGETHER with the non-exclusive right of way as set forth in Grant to Dieter A. Doemelt, et ux.; recorded October 7, 1970, in Book 1010 of Official Records, at page 327, as contained in Grant to Don C. Brooks, et ux., recorded October 27, 1971, in Book 1085 of Official Records, at page 379.

5. The United States claims that federal tax liens and a judgment lien, which are identified in the First Amended Complaint in the above-captioned matter, encumber the Wentworth Springs Road Property, Fair Pines Lane Property, the Buckeye Cabin Property, and the Del Oro Lane Property. The first of these federal tax liens arose on August 24, 1990.

6. El Dorado County, California has property tax liens on the Wentworth Springs Road Property, Fair Pines Lane Property, the Buckeye Cabin Property, and the Del Oro

Lane Property.

7. The United States and El Dorado County agree that El Dorado County's property tax liens have priority over the federal tax liens and judgment lien at issue in the above-captioned action.

8. In the event that the Court permits the sale of the Wentworth Springs Road Property, the property will be sold free and clear of all liens of record, with the lien to follow the proceeds of the sale. The Order of Judicial Sale shall provide that the sale proceeds shall be distributed first to the United States to the extent of its costs and expenses of the sale, then to El Dorado County to the extent of El Dorado County's property tax lien on the Wentworth Springs Road Property (including principal and interest to the date of distribution, in an amount according to proof at that time), and then to the United States in satisfaction of its federal tax liens and judgment lien. If the affected parties cannot stipulate to the amounts of the liens, the Court may hold an evidentiary hearing to determine the amounts.

9. In the event that the Court permits the sale of the Fair Pines Lane Property, the property will be sold free and clear of all liens of record, with the lien to follow the proceeds of the sale. The Order of Judicial Sale shall provide that the sale proceeds shall be distributed first to the United States to the extent of its costs and expenses of the sale, then to El Dorado County to the extent of El Dorado County's property tax lien on the Fair Pines Lane Property (including principal and interest to the date of distribution, in an amount according to proof at that time), and then to the United States in satisfaction of its federal tax liens and judgment lien. If the affected parties cannot stipulate to the amounts of the liens, the Court may hold an evidentiary hearing to determine the amounts.

10. In the event that the Court permits the sale of the Buckeye Cabin Property, the property will be sold free and clear of all liens of record, with the lien to follow the proceeds of the sale. The Order of Judicial Sale shall provide that the sale proceeds shall

be distributed first to the United States to the extent of its costs and expenses of the sale, then to El Dorado County to the extent of El Dorado County's property tax lien on the Buckeye Cabin Property (including principal and interest to the date of distribution, in an amount according to proof at that time), and then to the United States in satisfaction of its federal tax liens and judgment lien. If the affected parties cannot stipulate to the amounts of the liens, the Court may hold an evidentiary hearing to determine the amounts.

11. In the event that the Court permits the sale of the Del Oro Lane Property, the property will be sold free and clear of all liens of record, with the lien to follow the proceeds of the sale. The Order of Judicial Sale shall provide that the sale proceeds shall be distributed first to the United States to the extent of its costs and expenses of the sale, then to El Dorado County to the extent of El Dorado County's property tax lien on the Del Oro Lane Property (including principal and interest to the date of distribution, in an amount according to proof at that time), and then to the United States in satisfaction of its federal tax liens and judgment lien. If the affected parties cannot stipulate to the amounts of lien, the Court may hold an evidentiary hearing to determine the amounts.

12. The United States and El Dorado County agree to bear their respective costs related to this litigation, including any possible attorney's fees.

13. Unless ordered by the Court, El Dorado County is excused from appearing in Court, or otherwise asserting its claim in this case. El Dorado County agrees to be bound by the judgment in this case.

//
//
//
//
//
//

14. This stipulation shall not prevent El Dorado County from pursuing any rights for the collection of property taxes which may otherwise exist under applicable law.

The parties so agree and request an order confirming the foregoing.

Dated: April 10, 2009        By:    /s/ Adair Boroughs
                                                      ADAIR BOROUGHS
                                                      Trial Attorney, Tax Division
                                                      U.S. Department of Justice

                                                      Attorney for the United States

Dated: April 2, 2009         By:    /s/ Michael J. Ciccozi (as authorized on 4/2/09)
                                                        MICHAEL J. CICCOZZI
                                                        Deputy County Counsel
                                                        County of El Dorado

                                                        Attorney for El Dorado County

**IT IS SO ORDERED.**

DATED this 10th day of April, 2009.

                                                        /s/ John A. Mendez
                                                        JOHN A. MENDEZ
                                                        U.S. District Court Judge