UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>ELWYN S. DUBEY, JEANNINE M. DUBEY, DUANE A. WOODMAN AS TRUSTEE FOR GARDEN VALLEY INVESTMENTS, EL DORADO SAVINGS BANK, EL DORADO COUNTY TAX COLLECTOR, CALIFORNIA FRANCHISE TAX BOARD,<br><br>            Defendants. | Case No. 2:07-CV-2372 JAM-KJM<br><br><u>ORDER GRANTING MOTION FOR<br>SUMMARY JUDGMENT</u> |

This is a civil action brought by the United States to determine the property interests of Elwyn S. Dubey and Jeannine M. Dubey ("Defendants") in four parcels of real property.[1] The United States seeks to foreclose federal tax liens upon said properties in order to satisfy a federal tax judgment against the Defendants from a previous case. For the reasons stated below, the United States'

---

[1] The properties at issue are described in detail in the First Amended Complaint at ¶¶ 5-8.

1

Motion for Summary Judgment is GRANTED.[2]

BACKGROUND

On December 21, 1998, this Court entered judgment[3] against Defendants, in their individual and joint capacities, for unpaid federal income taxes and unpaid assessed balances of Trust Fund Recovery Penalties that amounted to over $1.6 million. First Am. Compl. ("FAC") ¶¶9-12. During this prior litigation, the Court determined that two properties were held by trusts as alter egos, nominees, or fraudulent transferees of the Dubeys. Mot. Summ. J. 2:1-3. The properties were sold to pay off the tax liabilities; however, the amount obtained was insufficient to fully pay the debts. In this action, the United States seeks to enforce the judgment lien obtained from Dubey I against four additional properties allegedly owned by the Dubeys. The United States alleges that the four properties were owned by the Dubeys and then fraudulently transferred to Garden Valley Investments ("the Trust"), allegedly a sham trust, in order to evade tax liabilities. The United States has moved for summary judgment to establish the Dubeys' interest in these properties.

OPINION

A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine

---

[2] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h).
[3] United States v. Elwyn S. Dubey, Jeannine M. Dubey, Duane Woodman as Trustee for Garden Valley Investment, et al., 2:94-cv-00417-GEB-PAN (E.D. Cal. December 21, 1998) (hereinafter Dubey I).

2

issue of material fact exists, this Court must view the evidence and all of the justifiable inferences therefrom in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once the moving party has identified the portions of the record that demonstrate the absence of any genuine issue of material fact, the burden then shifts to the nonmoving party to show that a genuine issue of material fact does indeed exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In opposing the motion, the nonmoving party "may not rely *merely on allegations or denials* in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2) (emphasis added); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In setting out these specific facts, the opposing party is not required to conclusively settle the issue but must, at the very least, present sufficient evidence supporting the claimed factual dispute such that the parties' differing versions of the truth may be resolved by a judge or jury at trial. Id. at 249 (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)).

The United States bases its claim on California Civil Code § 3439.05 which states:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

3

The United States has sufficiently shown that all of the elements for this claim are satisfied and that the Defendants' opposition is insufficient to overcome the Motion for Summary Judgment. Defendants owned all four properties before they were transferred to Garden Valley Investments in January of 1985. U.S. Statement Undisputed Facts in Supp. Mot. Summ. J. ¶ 19. At the time of the transfer, the applicable tax years had closed and tax liabilities had already been assessed. Mot. Summ. J. at 3:23-25. Furthermore, no "reasonably equivalent value" was exchanged during this transfer for any of the properties. Finally, given that the Dubeys had not been paying their taxes for years before the transfers to the Trust, they are presumed to be insolvent. Cal. Civil Code § 3439.02(c) ("A debtor who is generally not paying his or her debts as they become due is presumed to be insolvent.")

    None of these elements have been disputed by the Defendants with sufficient support. Ownership of the properties, the transfers to the Trust, and the issue of insolvency are undisputed. Opp'n at ¶¶ 11-19, 43. The only relevant argument asserted by Defendants is that they are no longer indebted to the United States because their remaining tax liabilities had been completely paid off in 2007. Opp'n at 4, 14. The only support they cite for this assertion, United States' Response to Dubeys' First Set of Interrogatories at 2, does not state that their tax liabilities have been fully satisfied. The relevant exhibit states that a payment of $781,500.00 was received. Decl. Adair F. Boroughs, Docket at 59, Exh. A-5 (stating that $781,500.00 payment was posted on December 20, 2007, of which $342,373.30 was paid out in attorneys' fees). This would leave $439,126.70 to apply toward

their tax liability.  However, the total tax liability, as alleged by the United States, is $582,201.87.  This value is based on June 2007 Form 4340 assessments by the IRS.  Docket at 71, Exs. A-2 to A-7.  To summarize, the total debt in June 2007 was $582,201.87; the payment applied in December 2007 was for $439,126.70 leaving a balance of at least $143,075.17.  Even viewing the evidence in the light most favorable to the Defendants, there is still an outstanding tax debt.  Defendants' mere denials and allegations, without more evidence, are insufficient to defeat the Motion for Summary Judgment on this matter.  The United States has sufficiently shown that there is no genuine issue as to any material fact and is entitled to judgment as a matter of law.  Therefore, the Court holds that the transfers of the four properties to Garden Valley Investments was constructively fraudulent and are hereby set aside.  As such, Dubeys' interest in the four properties is as if the 1985 transfer never occurred; the United States may foreclose the federal tax liens on the subject properties to satisfy the tax judgment from Dubey I.  Because the Court finds that the transfers were fraudulent, it does not need to adjudicate whether Garden Valley is a sham trust, nominee, or an alter ego of the Dubeys.

The United States has sufficiently shown that the Dubeys transferred the subject properties to Garden Valley Investments in order to evade tax liability.  Accordingly, the transfers are void.  The United States is entitled to any remaining money judgment from Dubey I and may enforce this judgment against the four subject properties.

ORDER

For the reasons stated above, the Court GRANTS the Motion for Summary Judgment in favor of the United States.

IT IS SO ORDERED.

DATED: May 8, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE