IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:07-CV-02372-JAM-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANTS' |
| | ) | MOTION TO DISMISS |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ELWYN S. DUBEY, JEANNINE M. | ) | |
| DUBEY, DUANE A. WOODMAN as | ) | |
| Trustee for Garden Valley | ) | |
| Investments, EL DORADO SAVINGS | ) | |
| BANK, EL DORADO COUNTY TAX | ) | |
| COLLECTOR, CALIFORNIA FRANCHISE | ) | |
| TAX BOARD, | ) | |
| | ) | |
| Defendants. | ) | |
| _____/ | ) | |

        The matter before the Court is Elwyn S. Dubey and

Jeannine M. Dubey's (collectively "Defendants'") Motion to

Dismiss for Failure to Serve Necessary Parties.  The United

States ("Plaintiff") commenced this action on November 2, 2007,

seeking to foreclose federal tax liens and a judgment lien

against four pieces of property ("Subject Properties") in order to satisfy a federal tax judgment against Defendants from a previous case, <u>United States v. Dubey</u>, No. S-94-0417-GEB-PAN (E.D. Cal. 1994).  The Subject Properties had been transferred by Defendants to Garden Valley Investments, but this Court previously ruled those transfers void.  Defendant Duane Woodman is a trustee of Garden Valley Investments.  On March 26, 2009, the United States filed a motion for default judgment against Duane Woodman, since he had failed to respond to the summons and complaint. That motion was granted on July 27, 2009 (Docket #112) and a default judgment was entered against Duane Woodman on the same date (Docket #114). In this motion,  Defendants seek to dismiss, alleging improper service on Duane Woodman as well as failure to name the beneficiaries of Garden Valley Investments ("Beneficiaries"), Defendants' children, as "indispensable parties" to the action.

For the following reasons, Defendants' Motion to Dismiss is DENIED.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced the present action on November 2, 2007 against Defendants, Duane Woodman as trustee for Garden Valley Investments, El Dorado Savings Bank, El Dorado County Tax Collector, and three other now excused defendants.  Plaintiff provides, as evidence of service to Duane Woodman, a certificate

of service filled out by IRS Revenue Officer Marilyn Collins. The certificate says that the summons and complaint were left at Duane Woodman's home, 1196 6th Street, Los Osos, CA, with Duane Woodman's son John and an unnamed male on January 17, 2008. Docket at 27.  Furthermore, a declaration of Ms. Collins states that although Duane Woodman was not home, the unnamed male went to get Duane Woodman's son John Woodman, the unnamed male returned with another man she presumed to be John Woodman, and that she left the summons and complaint at the foot of the stairs of the home near who she identified as John Woodman and explained that these documents required a response from Duane Woodman.  Docket at 96, Attch. 1.

Defendants assert different facts.  Defendants counter that Duane Woodman has no son named John, that Duane Woodman's only son Curtis was at a hospital at the time of Ms. Collins' visit and therefore could not have been at the home to accept service as claimed, that Curtis Woodman does not reside at Duane Woodman's home, and that Ms. Collins improperly left the summons and complaint with Aldo Castanado, a maintenance worker and non-resident at Duane Woodman's home.  Docket at 91, Attchs. 1-2; Docket # 103, ¶¶ 5-10, Attchs. 1-2.

Defendants also allege that Plaintiff has failed to serve the Beneficiaries, the Defendants' children, as "indispensable parties" to this action.  Defendants claim to

have established Garden Valley Investments Trust for the benefit of their children in 1985.  Docket at 103, Attch. 3.

Thus, in the Motion to Dismiss, Defendants argue that because neither Duane Woodman nor Beneficiaries were properly served, the action must be dismissed pursuant to Federal Rule of Civil Procedure 4(m), which gives a time limit for service of 120 days after the complaint has been filed.

OPINION

A.    <u>Service on Duane Woodman</u>

In a Motion to Dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), the plaintiff generally has the burden of establishing proper service.  <u>S.E.C. v. Internet Solutions for Business Inc.</u>, 509 F.3d 1161, 1165 (9th Cir. 2007).  According to federal law, proper service by delivering a summons and complaint to a defendant's residence requires "leaving a copy of [the summons and of the complaint] at the [defendant's] dwelling or usual place of abode with someone of suitable age and discretion who resides there."[1]  Fed. R. Civ. P. 4(e)(2)(B).

---

[1] California law is similar, but also requires mailing an additional copy of the summons and of the complaint to the defendant at the place where the first copies were left.  Cal. Code Civ. P. 415.20(b).

Defendants do not dispute that Plaintiff had the summons and complaint delivered to Duane Woodman's appropriate dwelling.  Rather, Defendants seem to argue that the summons and complaint were left with a non-resident of the abode.  <u>See</u> Docket at 103, ¶¶ 5-10; Docket # 91, Attch. 2.  Defendants assert that IRS Officer Collins, who swears that she properly delivered service to Duane Woodman's son on January 17, 2008, is misleading the court, that Duane Woodman's son could not have accepted service as Ms. Collins claims because he was at a hospital all day on January 17, 2008, and that Ms. Collins inappropriately left the summons and complaint with Aldo Castanado, a non-resident maintenance worker for Duane Woodman. Docket at 91, Attch. 2; Docket at 103, ¶¶ 7-8, 14.

As Plaintiff notes, Defendants do not have standing to complain of lack of service of process against Duane Woodman. Docket at 96, 3:21-4:8.  The person actually served with defective process is the proper party to allege an error.  <u>U.S. v. Viltrakis</u>, 108 F.3d 1159, 1160-61 (9th Cir. 1997) (citing <u>California Bankers Ass'n v. Shultz</u>, 416 U.S. 21, 53 (1974)). Duane Woodman, as trustee of Garden Valley Investments and the target of service, is the appropriate party to bring this motion.  Furthermore, as noted above, a default judgment has been entered against Duane Woodman. Accordingly, absent a motion

by Duane Woodman to set aside this entry of default, Defendants

motion to dismiss as it pertains to Duane Woodman is moot.

        B.    <u>Service on Beneficiaries</u>

      A motion under Federal Rule of Procedure 19 to compel

joinder of a required party must show one of two things: (1)

that the court "cannot accord complete relief" absent that

party, or (2) that the party in question claims an interest

relating to the action that would otherwise be impaired or that

would leave an existing party "subject to a substantial risk" of

incurring inconsistent obligations.  Fed. R. Civ. P. 19(a)(1).

      Defendants argue that the Beneficiaries, as parties

with an alleged interest in Garden Valley Investments and who

have not been served by Plaintiff, are "indispensable parties"

to the action.  Docket at 91, ¶¶ 2, 18-30.  As such, Defendants

argue, the action must be dismissed pursuant to Rule 4(m) since

over 120 days have passed since the filing of the complaint.

<u>Id.</u> at ¶ 3.

      In an action to enforce lien, as is the case here,

"[a]ll persons having liens upon or claiming any interest in the

property involved . . . shall be made parties thereto."  26

U.S.C. § 7403(b).  Here, the Beneficiaries cannot claim any

interest in the Subject Properties as members of the Garden

Valley Investments Trust because the court has voided the

transfer of those properties to Garden Valley Investments.

Docket at 88.  The Beneficiaries, therefore, have no legitimate claim to the properties involved in this action.  See Markham v. Fay, 74 F.3d 1347, 1355 (1st Cir. 1996) (noting that there is no due process issue where, among other factors, the beneficiaries are not deprived of their own property).  Moreover, Defendants have not indicated any specific interest in the Subject Properties other than naming their children as beneficiaries of the Garden Valley Trust in general, and have made no suggestions that the Beneficiaries could raise any arguments as interest-holders that would alter the outcome of the action.

As such, Defendants' Motion to Dismiss with regard to Plaintiff's alleged failure to join Beneficiaries as defendants is DENIED.

ORDER

For the reasons set forth above, Defendants' Motion to Dismiss is DENIED.

IT IS SO ORDERED.


DATED: August 6, 2009                    _____
                                         JOHN A. MENDEZ,
                                         UNITED STATES DISTRICT JUDGE