IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,  )
        Plaintiff,  )  Civil No. 2:07-CV-02372-JAM-KJM
        v.  )  [PROPOSED] ORDER OF JUDICIAL SALE
ELWYN S. DUBEY, JEANNINE M. DUBEY, DUANE A. WOODMAN AS TRUSTEE FOR GARDEN VALLEY INVESTMENTS, EL DORADO COUNTY TAX COLLECTOR, CALIFORNIA FRANCHISE TAX BOARD,  )
        Defendants.  )

A final judgment was entered by this Court in the above-entitled action, on August 31, 2009, (Dkt. No. 120) ordering that the United States' federal tax liens be foreclosed and that the subject property, described below, be sold pursuant to 28 U.S.C. § 2001.

The subject property includes the following parcels of real property:

(1) real property located at 7481 Wentworth Springs Road, Georgetown, California (herein referred to as the "Wentworth Springs Road Property"), is situated in the County of El Dorado, State of California, and is more particularly described as follows:

PARCEL NO. 1:
A portion of the Southeast quarter of the Southwest quarter of Section 31, Township 13 North, Range 11 East, M.D.B.&M., and a portion of Lot 3, Section 6, Township 12 North, Range 11 East, M.D.B.&M., described as follows;

BEGINNING at the Northwest corner of the parcel herein described, being the West 1/16 corner of the Northerly line of said Section 6, a 7/8 inch drill steel in a rock mound being identical with the Northeast corner of the lands of Wesley A. Ash and Evelyn Jean Ash, as described in book 417 of Deeds, at page 237, El Dorado County Records; thence from point of beginning, along the line common to said Sections 6 and 31, North 89° 16' East 422.15 feet, a 3/4 inch capped iron pipe; thence leaving said line common to Sections 6 and 31, North 00° 44' West

34.67 feet to a 3/4 inch capped iron pipe set in a fence line; thence along said fence North 67° 29' East 140.06 feet to a similar pipe, the Northeast corner; thence South 29° 14' 30" East 90.90 feet to a similar pipe; thence continuing South 29° 14' 30" East 7.70 feet to a point on the line common to said Sections 6 and 31; thence continuing South 29° 14' 30" East 283.76 feet, the Southeast corner a 1-1/2 inch iron pipe in a fence line on the Northerly side of the Georgetown-Wentworth Springs County Road No. 63; thence along the Northerly side of said road (4 courses) along a curve to the right with a radius of 218.3 feet, through an angle of 53° 54' a chord distance of 197.89 feet which bears South 73° 00' West; thence North 80° 03' West (Record N. 81° 41' W.) 181.80 feet; thence along a curve to the left with a radius of 280 feet, through an angel of 42° 56' a chord distance of 204.94 feet which bears South 78° 29' West; thence South 57° 01' West (Record S. 55° 23' W.) 160.00 feet, the Southwest corner, a 7/9 inch drill steel set in a rock mound, on the Northerly side of said road being the Southeast corner of said lands of Wesley A. Ash and Evelyn Jean Ash; thence leaving the Northerly side of said road and along the Easterly boundary of said lands of Wesley A. Ash and Evelyn Jean Ash, North 05° 00' West, 395.97 feet (Record 395.69 feet) to the point of beginning.

SAVING AND EXCEPTION THEREFROM all that portion lying within said Section 31, and more particularly described as follows;

BEGINNING at the Southwest corner, a point on the Section line common to said Sections 6 and 31, from whence the West 1/16th corner of said Section 6 bears South 89° 16' West 422.15 feet; thence from said point of beginning being marked by a 3/4 inch capped iron pipe, North 00° 44' West 34.67 feet to a 3/4 inch capped iron pipe set in a fence line; thence along said fence North 67° 29' East 140.06 feet to a similar pipe; thence South 29° 14' 30" East 90.90 feet to a similar pipe; thence continuing South 29° 14' 30" East 7.70 feet to a point on the line common to said Sections 6 and 31; thence along said Section Line South 80° 16' West 177.14 feet to the point of the beginning.

According to a survey by Harvey L. Butler, LS. 2725 on April 26, 1960.

PARCEL NO. 2:
A portion of the Southeast quarter of the Southwest quarter of Section 31, Township 13 North, Range 11 East, M.D.B.&M., described as follows;

BEGINNING at the Southwest corner of the parcel herein described, a 3/4 inch capped iron pipe set on the Southerly boundary of said Section 31 from which the West 1/16 corner on the North line of Section 6, Township 12 North., Range 11 East M.D.B.&M., a 7/8 inch drill steel in a rock mound, said point being the Northeast corner of that certain tract of land conveyed to Wesley A. Ash and Evelyn Jean Ash, as recorded in Book 417 of Deeds, at Page 237, El Dorado county Records, Bears South 89° 16' West, 422.15 feet; thence from point of beginning, North 00° 44' West, 34.67 feet to a 3/4 inch capped iron pipe set in a fence line; thence along said fence North 67° 29' East 140.06 feet to a similar pipe; thence South 29° 14' 30" East 7.70 feet to a point on the Southerly boundary of said Section 31, thence along the Southerly boundary of Section 31, South 89° 16' West 177.14 feet to the point of beginning

According to a survey by Harvey L. Butler, LS. 2725 on April 26, 1960.

(2) real property located at 8258 Fair Pines Lane, Garden Valley, California (herein referred to as the "Fair Pines Lane Property") is situated in the County of El Dorado, State of California, and is more particularly described as follows:

> PARCEL 4, as said parcel is shown on that certain Parcel Map entilted "A PORTION OF THE N.E. 1/4 OF THE S.W. 1/4 SECTION OF 35, T. 12 N., R. 10 E., M.D.M" filed in the office of the County Recorder of said County on November 9, 1977, in Book 18 of Parcel Maps at Page 3.

(3) real property located at 2021 Buckeye Court, Georgetown, California (also known as 7498 Wentworth Springs Road, Georgetown, California), (herein referred to as the "Buckeye Cabin Property"), is situated in the County of El Dorado, State of California, and is more particularly described as follows:

> A portion of the Northwest quarter of Section 6, Township 12 North, Range 11 East, M.D.M., described as follows:
>
> Commencing at the quarter section corner on the North boundary of Section 6, Township 12 North, Range 11 East, M.D.M.; thence running South 65° 31' West 209.9 feet; thence South 72° 6' feet West 200 feet; thence South 66° 49' West 50 feet; thence South 51° 18' West 50 feet; thence South 37° 17' West 50 feet; thence South 34° 20' West 50 feet; thence South 37° 35' West 50 feet; thence South 45° 16' West 50 feet to the point of beginning of this description; South 16° 12' East 120 feet to the North line of what is known as Buckeye Avenue; thence South 52° 42' West 50 feet; thence North 16° 12' West 120 feet to the South line of the Georgetown and Lake Tahoe Highway; thence North 52° 42' East 50 feet to the point of beginning.

(4) real property that is the subject of this action, located off Del Oro Lane in the proximity of Coloma, California (herein referred to as the "Del Oro Lane Property"), is situated in the County of El Dorado, State of California, and is more particularly described as follows:

> A portion of the Northeast quarter of the Northwest quarter, and the Northwest quarter of the Northeast quarter of Section 13, Township 11 North, Range 9 East, M.D.B.&M., described as follows:
>
> BEGINNING at the Northeast corner of said Section 13; thence along the North line of said Section 13 North 89° 42' 30" West 1532.11 feet; thence leaving said North line South 0° 17' 30" West 368.74 feet to the true point of beginning, the Northeast corner of the herein described parcel of land; thence continuing South 0° 17' 30" West 355.94 feet to the Southeast corner; thence North 89° 42' 30" West 825.85 feet; thence South 0° 17' 30" West 9.68 feet; thence South 43° 06' West 114.27 feet to a point in the center line of the South Fork of the American

-3-

River; thence along the center line of said River North 55° 16' 20" West 253.09 feet, and North 47° 44' West 238.48 feet; thence leaving said River North 42° 47' East 131.28 feet, thence North 0° 17' 30" East 50.03 feet; thence South 89° 42' 30" East 1200.87 feet to the true point of beginning, the Northeast corner of the herein described parcel of land.
According to a survey by K. Nelson, L.S. 2822.

EXCEPTING THEREFROM all that portion thereof described as follows:
A portion of the Northeast quarter of the Northwest quarter and the Northwest quarter of the Northeast quarter of Section 13, Township 11 North, Rage 9 East, M.D.B.&M., described as follows:

BEGINNING at the Northeast corner of Seciton 13; thence along the North line of said Section 13 North 89° 42' 30" West 1532.11 feet; thence leaving said North line South 0° 17' 30" West 527.81 feet to the true point of beginning, the Northeast corner of the herein described parcel of land; thence continuing South 0° 17' 30" West 196.87 feet to the Southeast corner; thence North 89° 42' 30" West 825.85 feet; thence South 0° 17' 30" West 9.68 feet; thence South 43° 06' West 114.27 feet to a point in the centerline of the South Fork of the American River; thence along said centerline North 55° 16' 20" West 246.57 feet; thence leaving said centerline of River North 42° 48' East 130.42 feet; of beginning, the Northeast corner of the herein described parcel of land.
According to a survey by K. Nelson, L.S. 2822.

TOGETHER with the non-exclusive right of way as set forth in Grant to Dieter A. Doemelt, et ux.; recorded October 7, 1970, in Book 1010 of Official Records, at page 327, as contained in Grant to Don C. Brooks, et ux., recorded October 27, 1971, in Book 1085 of Official Records, at page 379.

(Hereinafter "the Property.")

Accordingly, it is **ORDERED** as follows:

1. The United States Marshal for the Eastern District of California, his or her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), (hereinafter reference to the Marshall or PALS shall also refer to his or her agents, officers, and representatives) is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property. The United States may choose either the United States Marshal or a PALS to carry out the sale under this Order and shall make the arrangements for the sale as set forth in this Order. The parcels of the Property may be offered for sale separately or in groupings, at the discretion of the United States Marshal or PALS. However, all parcels of Property may be auctioned and sold at the same public sale, even if sold separately.

  2. The Marshal or PALS is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property, until deed(s) to the Property are delivered to the ultimate purchaser(s).

  3. The terms and conditions of the sales are as follows:

  a. the sale of the Property shall be free and clear of the interests of: the United States and Defendants Elwyn S. Dubey, Jeannine F. Dubey, Garden Valley Investments, the Estate of James A. Keister, El Dorado County, El Dorado Savings Bank, Twin Rivers Investments, and the California Franchise Tax Board.

  b. the sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

  c. the sale shall be held at the courthouse of the county or city in which the Property is located, on the premises of the Property, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

  d. the date and time for the sale are to be announced by the United States Marshal or the PALS;

  e. a notice of sale shall be published once a week for at least four consecutive weeks before the sale, in at least one newspaper regularly issued and of general circulation in El Dorado County, and, at the discretion of the Marshal or the PALS, by any other notice deemed appropriate. The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale;

  f. The minimum bids for the sale will be set by the Internal Revenue Service. If the minimum bid for any parcels (or groupings) of the Property is not met or exceeded, the Marshal or the PALS may, without further permission of this Court, and under the

terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

g. the successful bidder(s) at the sale shall be required to deposit at the time of the sale with the Marshal or the PALS a minimum of ten percent of the bid for the applicable property, with the deposit to be made by certified or cashier's check payable to the United States District Court for the Eastern District of California.

Before being permitted to bid at the sale, bidders shall display to the Marshal or the PALS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

h. the balance of the purchase price for each parcel (or grouping) of the Property is to be paid to the United States Marshall or a PALS (whichever person is conducting the sale) within 30 days after the date the bid is accepted, by a certified or cashier's check payable to the "U.S. District Court for the Eastern District of California." If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of Elwyn and Jeannine Dubey at issue herein. The applicable parcel (or grouping) of the Property shall be again offered for sale under the terms and conditions of this order of sale. The United States may bid as a credit against its judgment without tender of cash;

i. the sale of the Property shall be subject to confirmation by this Court. The Marshal or a PALS shall file a report of sale with the Court for each parcel (or grouping) of the Property sold, together with a proposed order of confirmation of sale, within 20 days from the date of receipt of the balance of the purchase price;

j. on confirmation of the sale, the Marshal or PALS shall execute and deliver deed(s) of judicial sale conveying the appropriate parcel(s) of the Property to the

-6-

1 | purchaser(s);

2 |     k. on confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished;

    l. on confirmation of the sale, the recorder of deeds for El Dorado County, California, shall cause transfer of the Property to be reflected upon that county's register of title; and

    m. the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

4. Until the Property is sold, Elwyn and Jeannine Dubey shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the property. They shall neither commit waste against the Property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

5. All persons occupying any of the Property shall leave and vacate the Property permanently within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises,

whether or not the sale of such property is being conducted by a PALS. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

The proceeds arising from the sale of the Property are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

1. To the United States Marshal or the PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale, including any expense of maintaining the Property prior to sale;

2. To all taxes unpaid and matured that are owed to El Dorado County for real property taxes on the property;

3. To the federal income taxes and judgment liens of Elwyn and Jeanine Dubey reduced to judgment in *United States v. Dubey*, No. S-94-0417-GEB-PAN (E.D. Cal., December 21, 1998);

4. Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

**IT IS SO ORDERED.**

Dated this 11th day of March, 2010.

Honorable John A. Mendez
United States District Judge

-8-