IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>     v.<br><br>ELWYN S. DUBEY, JEANNINE M. DUBEY, DUANE A. WOODMAN AS TRUSTEE FOR GARDEN VALLEY INVESTMENTS, EL DORADO SAVINGS BANK, EL DORADO COUNTY TAX COLLECTOR, CALIFORNIA FRANCHISE TAX BOARD,<br><br>         Defendants.<br>_____/ | Civil No. 2:07-CV-02372-JAM-KJM<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY EXECUTION OF ORDER TO SELL PROPERTY |

This matter comes before the Court on Defendants Elwyn S. Dubey and Jeannine M. Dubey's (collectively "Dubeys") motion to stay execution of order to sell property pursuant to Fed. R. Civ. Proc. 62(b)(4), Fed. R. Civ. Proc. 62(d), and Fed. R. Civ. Proc. 60(b).  (Doc. # 134).  Plaintiff United States opposes the motion.  (Doc. # 135).

The Court does not have jurisdiction to entertain a Rule 60(b) motion, as the Dubeys have filed a notice of appeal. Davis

v. Yageo Corp., 481 F.3d 661, 685 (9th Cir. 2007).  If the Dubeys wish to have this Court entertain a Rule 60(b) motion, they must first "ask the district court whether it wishes to entertain the motion," and then if so, ask the Court of Appeals to remand the case so that the district court can rule on the motion. Davis, 481 F.3d at 685.  Absent a remand, this Court does not have jurisdiction to entertain a Rule 60(b) motion until an appellate mandate has been issued. Gould v. Mutual Life Ins. Co. of New York, 790 F.2d 769, 772-73 (9th Cir. 1986). Here, the Dubeys have not followed this procedure; thus, the Court remains without jurisdiction. Katzir Floor & Home Designs, Inc. v. M-MLS.com, 394 F.3d 1143, 1148 (9th Cir. 2004).

Under Rule 62(b)(4), the Court may stay execution of a judgment pending disposition of a Rule 60 motion if it does so on "appropriate terms for the opposing party's security." Fed. R. Civ. Proc. 62. However, as explained above, no Rule 60(b) motion is properly before this Court. As no Rule 60(b) motion is properly pending, the Dubeys' Rule 62(b)(4) motion is DENIED as moot. See Verdatech, Inc. v. St. Paul Fire & Marine Ins., 2008 WL 2790200 at *4 (N.D. Cal. 2008)("Because the court denies Subramanian's motion for relief from judgment under FRCP 60,...there is no basis for a stay under 62(b)(4).")

Fed. R. Civ. P. 62(d) allows an appellant to obtain a stay of execution of judgment pending appeal by posting a

satisfactory supersedeas bond.  In seeking a stay of the Court's Order of Judicial Sale, the Dubeys have not offered to post a supersedeas bond, provided proof of the value of their property or proof of insurance, or otherwise offered adequate protection of the United States' interests.  As a result, the Dubeys' motion for stay is DENIED.

    IT IS HEREBY ORDERED that Defendants' motion to stay execution of order to sell property is DENIED.

    IT IS SO ORDERED.

Dated: April 14, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE